1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11   GREGORY LEE MCCALL,                )  Case No. CV 12-6687-VAP (DTB)
12                      Plaintiff,       )
                                         )
13              vs.                      )  ORDER TO SHOW CAUSE
                                         )
14   LINDA T. MCGREW,                    )
     WARDEN; GUSTIN,                     )
15   ASSISTANT WARDEN; S.                )
     STIPE, EDUCATION                    )
16   TEACHER; J. TONEY,                  )
     ASSISTANT WARDEN; M.                )
17   SCHULDT, ASSISTANT                  )
     SUPERVISOR OF                       )
18   EDUCATION,                          )
                                         )
19                      Defendants.      )
                                         )
20   _____

21       Plaintiff, a prisoner currently incarcerated at the Federal Correctional Complex
22   - Victorville II, in Adelanto, California, lodged for filing a pro se complaint herein
23   on August 2, 2012. On August 14, 2012, the Court denied, with leave to amend,
24   plaintiff in forma pauperis status. On August 24, 2012, plaintiff filed a Request to
25   Proceed Without Prepayment of Filing Fees With Declaration in Support. On August
26   29, 2012, the Court granted plaintiff leave to proceed in forma pauperis. Plaintiff's
27   Complaint was filed in this action on August 30, 2012.
28

1    Pursuant to the "Prison Litigation Reform Act of 1995" ("PLRA"), which was
2 enacted on April 26, 1996, "[i]n no event shall a prisoner bring a civil action or
3 appeal a judgment in a civil action or proceeding under this section if the prisoner
4 has, on 3 or more prior occasions, while incarcerated or detained in any facility,
5 brought an action or appeal in a court of the United States that was dismissed on the
6 grounds that it is frivolous, malicious, or fails to state a claim upon which relief may
7 be granted, unless the prisoner is under imminent danger of serious physical injury."
8 28 U.S.C. § 1915(g).  Section 1915(g) requires consideration of prisoner cases
9 dismissed prior to, as well as after, the PLRA's enactment. Green v. Notingham, 90
10 F.3d 415, 420 (10th Cir. 1996).

11    The Court has ascertained that plaintiff has previously filed numerous federal
12 lawsuits in a variety of federal judicial districts, and that in at least five (5) of these
13 prior cases, courts have dismissed plaintiff's actions on the grounds that the
14 complaint was frivolous, malicious, or failed to state a claim upon which relief may
15 be granted. Specifically, the Court discovered the following: (1) In McCall v. Pace,
16 et al., Case No. 03-0755-CV-W-FJG-P (W.D. Mo. 2003) the action was dismissed
17 pursuant to 28 U.S.C. § 1915A(b)(1)) (see Exhibit "A" attached hereto); (2) in
18 McCall v. Cornwell, et al., Case No. 03-0756-CV-W-FJG-P (W.D. Mo. 2003) the
19 action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1)) (see Exhibit "B" attached
20 hereto); (3) in McCall v. Sybrant, et al., Case No. 03-0757-CV-W-ODS-P (W.D. Mo.
21 2003) the action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1)) (see Exhibit
22 "C" attached hereto; (4) in McCall v. Whipple, et al., Case No. 03-0015-CV-W-FJG-
23 P (W.D. Mo. 2003) the action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1)
24 (see Exhibit "D" attached hereto); and in McCall v. Sybrant, Case No. 04-0126-CV-
25 W-ODS-P (W.D. Mo. 2004) the action was dismissed pursuant to 28 U.S.C. §
26 1915A(b)(1) & (2) (see Exhibit "E" attached hereto).  In each of these cases cited
27 herein, plaintiff alleged that he was incarcerated at the time the action was filed.
28 / / /

1    Accordingly, on or before **October 5, 2012**, plaintiff is ORDERED to show

2  cause as to why the order granting him in forma pauperis status in this matter should

3  not be vacated, and that the action dismissed without prejudice pending payment of

4  the full filing fee of $350.00.

5

6  DATED:      September 7, 2012

7

8

9                                      DAVID T. BRISTOW
                                       UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT "A"

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREGORY LEE McCALL,                    )
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )   Case No.   03-0755-CV-W-FJG-P
                                       )
LARRY PACE, et al.,                    )
                                       )
          Defendants.                  )


## ORDER DISMISSING CASE

Plaintiff is incarcerated at the Johnson County Adult Detention Center in Olathe, Kansas.  He has filed this case *pro se*, seeking relief under 42 U.S.C. § 1983 for claimed violations of his constitutional rights.  Having reviewed the record, the Court will treat this case as having been brought under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  The Court also will grant plaintiff provisional leave to proceed *in forma pauperis*.

Plaintiff's claims relate to his prosecution in this Court for being a felon in possession of a firearm.  He names as defendants Larry Pace, a public defender who represented him, and Dr. Pietzs, a psychologist who testified as to plaintiff's competence.  Essentially, plaintiff claims that defendants conspired against him in his criminal case.  Plaintiff seeks damages of $10 million.

This case must be dismissed for at least three reasons.  First, plaintiff has failed to name viable defendants.  As for Mr. Pace,

attorneys appointed to represent federal criminal defendants may not be sued for damages under *Bivens*. *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). As for Dr. Pietzs, witnesses generally are immune from liability for civil damages. *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983). Second, even if plaintiff had named viable defendants, he has not set out specific facts which show a meeting of the minds among the alleged conspirators. *See Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (standard for dismissing conspiracy claims), *cert. denied*, 506 U.S. 1053 (1993). Third, even if plaintiff's conspiracy claims had been sufficient, those claims would be barred by the favorable-termination doctrine set out in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and extended by *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir.1997) (*Heck* principle extends to *Bivens* actions), *cert. denied*, 523 U.S. 1137 (1998).

Accordingly, it is **ORDERED** that plaintiff is granted provisional leave to proceed *in forma pauperis*, and this case is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of plaintiff's claims is without prejudice as to any remedy he may have in state court.

/s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: _10/30/03_____.

2

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY LEE McCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-0756-CV-W-FJG-P |
| | ) | |
| CARL E. CORNWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

Plaintiff is incarcerated at the Johnson County Adult Detention Center in Olathe, Kansas. He has filed this case *pro se*, seeking relief under 42 U.S.C. § 1983 for claimed violations of his constitutional rights. Having reviewed the record, the Court will treat this case as having been brought under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Court also will grant plaintiff provisional leave to proceed *in forma pauperis*.

Plaintiff's claims relate to his prosecution in this Court for being a felon in possession of a firearm. He names as defendants Carl E. Cornwell, an attorney who represented him, and Judges Dean Whipple and John Maughmer. Essentially, plaintiff claims that Mr. Cornwell provided him with ineffective legal assistance, and that Judges Whipple and Maughmer mishandled his case. Plaintiff seeks damages of $2 million.

This case must be dismissed for at least two reasons. First,

plaintiff has failed to name viable defendants. As for Mr. Cornwell,
attorneys who represent federal criminal defendants may not be sued for
damages under *Bivens*. *Christian v. Crawford*, 907 F.2d 808, 810 (8th
Cir. 1990). As for Judges Whipple and Maughmer, judges generally are
immune from liability for civil damages. *Pierson v. Ray*, 386 U.S. 547
(1967). Second, even if plaintiff had named viable defendants, his
claims would be barred by the favorable-termination doctrine set out in
*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and extended by *Duffy v.
Wolle*, 123 F.3d 1026, 1037 (8th Cir.1997) (*Heck* principle extends to
*Bivens* actions), *cert. denied*, 523 U.S. 1137 (1998).

Accordingly, it is **ORDERED** that plaintiff is granted provisional
leave to proceed *in forma pauperis*, and this case is dismissed pursuant
to 28 U.S.C. § 1915A(b)(1). The dismissal of plaintiff's claims
against defendant Cornwell is without prejudice as to any remedy
plaintiff may have in state court.


                                    /s/ Fernando J. Gaitan, Jr.
                                    FERNANDO J. GAITAN, JR.
                                    UNITED STATES DISTRICT JUDGE


Kansas City, Missouri,

Dated: __10/30/03_____.


2

**EXHIBIT "C"**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREGORY LEE McCALL,                )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )   Case No.   03-0757-CV-W-FJG-P
                                   )
LINDA SYBRANT, et al.,             )
                                   )
            Defendants.            )

## ORDER DISMISSING CASE

Plaintiff is incarcerated at the Johnson County Adult Detention Center in Olathe, Kansas. He has filed this case *pro se*, seeking relief under 42 U.S.C. § 1983 for claimed violations of his constitutional rights. Having reviewed the record, the Court will treat this case as having been brought under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Court also will grant plaintiff provisional leave to proceed *in forma pauperis*.

Plaintiff's claims relate to his prosecution in this Court for being a felon in possession of a firearm. He names as defendants federal prosecutors Linda Sybrant and Todd Graves. Essentially, plaintiff claims that defendants conspired against him in his criminal case. Plaintiff seeks damages of $1 million.

This case must be dismissed for at least three reasons. First, plaintiff has failed to name viable defendants. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors generally are immune

from liability for civil damages). Second, even if plaintiff had named

viable defendants, he has not set out specific facts which show a

meeting of the minds among the alleged conspirators. *See Snelling v.*

*Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (standard for dismissing

conspiracy claims), *cert. denied*, 506 U.S. 1053 (1993). Third, even if

plaintiff's conspiracy claims had been sufficient, those claims would

be barred by the favorable-termination doctrine set out in *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994), and extended by *Duffy v. Wolle*,

123 F.3d 1026, 1037 (8th Cir.1997) (*Heck* principle extends to *Bivens*

actions), *cert. denied*, 523 U.S. 1137 (1998).

Accordingly, it is **ORDERED** that plaintiff is granted provisional

leave to proceed *in forma pauperis*, and this case is dismissed pursuant

to 28 U.S.C. § 1915A(b)(1).

/s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: _10/30/03_____.

2

**EXHIBIT "D"**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREGORY McCALL,                    )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )   Case No.   03-0015-CV-W-FJG-P
                                   )
DEAN WHIPPLE, et al.,              )
                                   )
            Defendants.            )

## ORDER DISMISSING CASE

Plaintiff is a federal prisoner.  He has filed this case *pro se*, seeking relief under 42 U.S.C. § 1983 for claimed violations of his constitutional rights.  Because plaintiff is a federal prisoner, and because the defendants are federal officials, the Court will proceed in accordance with *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  The Court also will grant plaintiff provisional leave to proceed *in forma pauperis*.  However, the Court must dismiss the case summarily if the complaint is frivolous.  28 U.S.C. § 1915A(b)(1).

Plaintiff's claim relates to his ongoing criminal case in this Court.  He names Judge Dean Whipple as the primary defendant and states his claim as follows:  "Dean Whipple has become a party to an illegal act perpetrated by [a prosecutor and defense attorneys] to deprive this plaintiff of his due process rights by denying a motion without ever reading it. . . . The judge in this case is

also the prosecutor." Doc. No. 1, p. 3.

Judge Whipple is not a viable defendant because "[j]udges performing judicial functions enjoy absolute immunity from . . . liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (1994). As for the other defendants, plaintiff has failed to state how they may have violated his constitutional rights. This case must be dismissed as frivolous.

By granting plaintiff provisional leave to proceed *in forma pauperis*, the Court has foregone collection of the $150.00 filing fee established for civil cases. Plaintiff is advised that the entire $150.00 filing fee will be collected if he files another pleading of any type whatsoever. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from a prisoner's account). Plaintiff is also advised that, if he files an appeal, the Court must collect appellate filing fees of $105.00. *Henderson v. Norris*, 129 F.3d 481, 483-84 (8th Cir. 1997) (citation omitted).

Accordingly, it is **ORDERED** that plaintiff is granted provisional leave to proceed *in forma pauperis*, and this case is dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

                                   /s/ Fernando J. Gaitan, Jr.
                                   FERNANDO J. GAITAN, JR.
                                   UNITED STATES DISTRICT JUDGE
Kansas City, Missouri,

2

Dated:    2-11-03          .

3

# EXHIBIT "E"

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY LEE McCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-0126-CV-W-ODS-P |
| | ) | |
| LINDA SYBRANT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, who is presently confined at the Johnson County Adult Detention Center in Olathe, Kansas, has filed pro se this 28 U.S.C. § 1331 Bivens[1] civil rights matter. The only named defendant in plaintiff's complaint is Linda Sybrant, an Assistant United States Attorney with the U.S. Attorneys Office for the Western District of Missouri. Essentially, plaintiff alleges that defendant violated his federally protected rights by prosecuting him pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon in possession of a firearm. See U.S. v. McCall, Case No. 02-00049-01-CR-W-DW (W.D. Mo. 2003).

Now pending before the Court is defendant Sybrant's motion for summary judgment (Doc. No. 13) and suggestions in support thereof. Plaintiff has filed a suggestions in opposition (Doc. No. 20), two supplemental suggestions in opposition (Doc. Nos. 22 and 23), and an affidavit (Doc. No. 25). Defendant has filed reply suggestions. (Doc. No. 26). Plaintiff also has filed a motion for summary judgment. (Doc. No. 5).

Plaintiff contends that defendant violated his due process rights by improperly prosecuting him.

---

[1]Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Plaintiff claims his prosecution was improper for several reasons: (1) defendant submitted "illegally seized evidence, hearsay testimony, and false probable cause" to a federal grand jury, (2) defendant alleged that plaintiff was a three time felon, (3) defendant misapplied the law, (4) defendant did not launch an independent investigation into the properness of the search for evidence used against him at trial, and (5) defendant did not allow him a "Franks" hearing in violation of his due process rights. (Doc. No. 1, pp. 1-7).

Defendant essentially contends that plaintiff's claims against her are barred because she is protected by absolute prosecutorial immunity and, alternatively, that the favorable termination doctrine of Heck v. Humphry, 512 U.S. 477 (1994) bars plaintiff's claim. (Doc. No. 26).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a moving party is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally William v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). In applying this standard, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). "The inquiry performed is . . . [whether] . . . there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A party opposing a motion for summary judgment, however, "may not rest upon the mere allegations . . . of [his pleadings], but . . . by affidavits . . . must set forth specific facts showing that there is a genuine issue for trial. If [he]

-2-

does not so respond, summary judgment, if appropriate, shall be entered against [him]." Fed. R. Civ. P. 56(e).

UNCONTESTED FACTS

The affidavits and exhibits before the Court reflect that defendant Sybrant is an Assistant United States Attorney who is employed by the Department of Justice as a federal prosecutor. At all times pertinent to this lawsuit, she was employed in that capacity. In 2003, plaintiff was successfully prosecuted for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm. U.S. v. McCall, Case No. 02-00049-01-CR-W-DW (W.D. Mo. 2003). Defendant relied on a search warrant, testimony, and plaintiff's prior criminal history to secure his conviction.

CONCLUSIONS OF LAW

Federal prosecutors are immune from civil liability if their acts are based upon prosecutorial functions. See van Leeuwen v. U.S., 868 F.2d 300, 301 (8th Cir. 1989). Since plaintiff's claims exclusively involve defendant's prosecutorial functions, defendant Sybrant enjoys absolute immunity, and plaintiff's claims against her will be dismissed, with prejudice, and this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2).[2]

────────────────

[2]Even if defendant was not immune, this Court would be without jurisdiction to entertain plaintiff's claims against her unless and until plaintiff's conviction has been nullified or called into question on direct appeal or by the issuance of a writ of habeas corpus. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

-3-

## SUMMARY

Defendant has shown with sufficient clarity that summary judgment should be granted in her favor. After reviewing the evidence in the light most favorable to plaintiff and after giving him the benefit of all reasonable inferences, the Court concludes that there is no genuine issue of material fact as to plaintiff's claims against defendant and defendant's motion for summary judgement should be granted.

Plaintiff is cautioned that this dismissal will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g)(1996).[3]

Federal law now "makes prisoners responsible for [appellate filing fees of $255.00] the moment the prisoner...files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to Henderson, plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable

---

> authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Id.</u> at 485 (footnote omitted) (emphasis in original).

The Supreme Court's rationale in <u>Heck</u> has been applied to <u>Bivens</u> complaints as well. <u>Martin v. Sias</u>, 88 F.3d 774 (9th Cir. 1996). <u>See also Washington v. Sorrows</u>, Case No. 96-4236 (8th Cir. 1997) ("We conclude that [plaintiff] cannot maintain this Bivens action, because a judgment in his favor would necessarily imply the invalidity of his criminal conviction.") (unpublished opinion).

[3]The provisions of 28 U.S.C. § 1915, the "<u>in forma pauperis</u>" statute, have changed substantially. Under the new law, a prisoner cannot bring a new civil action or appeal a judgment in a civil action <u>in forma pauperis</u> if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." A prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals as described in Section 1915(g).

-4-

for payment of the full . . . appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an in initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. at 484.

Accordingly, it is **ORDERED** that:

(1) defendant's motions for summary judgment (Doc. No. 13) is granted;

(2) plaintiff's motion for summary judgment (Doc. No. 5) is denied; and

(3) the above-captioned cause of action is dismissed, with prejudice, because the only named

defendant enjoys absolute prosecutorial immunity.

_/s/ Ortrie D. Smith_____
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   8/4/04_____

-5-