O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEE MCCALL,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA T. MCGREW, WARDEN; GUSTIN, ASSISTANT WARDEN; S. STIPE, EDUCATION TEACHER; J. TONEY, ASSISTANT WARDEN; M. SCHULDT, ASSISTANT SUPERVISOR OF EDUCATION,<br><br>Defendants. | Case No. CV 12-6687-VAP (DTB)<br><br>ORDER REVOKING IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff, while a prisoner at the Federal Correctional Complex - Victorville II, in Adelanto, California, filed this pro se civil rights action on August 30, 2012, after plaintiff was granted leave to proceed without prepayment of the full filing fee. Prior to screening the Complaint for service, the Court ascertained that plaintiff had previously filed numerous federal lawsuits in a variety of federal judicial districts, and that in at least five (5) of these prior cases, courts have dismissed plaintiff's actions on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted. Specifically, the Court discovered the following:

1

(1) In McCall v. Pace, et al., Case No. 03-0755-CV-W-FJG-P (W.D. Mo. 2003) the action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1)); (2) in McCall v. Cornwell, et al., Case No. 03-0756-CV-W-FJG-P (W.D. Mo. 2003) the action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1)); (3) in McCall v. Sybrant, et al., Case No. 03-0757-CV-W-ODS-P (W.D. Mo. 2003) the action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1)); (4) in McCall v. Whipple, et al., Case No. 03-0015-CV-W-FJG-P (W.D. Mo. 2003) the action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1); and (5) in McCall v. Sybrant, Case No. 04-0126-CV-W-ODS-P (W.D. Mo. 2004) the action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2).

Pursuant to the Prison Litigation Reform Action, a prisoner shall not be authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

On September 7, 2012, the Court issued an Order to Show Cause ("OSC") ordering plaintiff to show cause as to why the order granting him in forma pauperis status in this matter should not be vacated, and that the action be dismissed without prejudice pending payment of the full filing fee of $350.00, in light of the information regarding plaintiff's prior "strikes" under 28 U.S.C. § 1915(g).

Specifically, the Court informed plaintiff in the OSC that it had ascertained that plaintiff had previously filed numerous federal lawsuits, and that, in at least five (5) of these prior cases, the court had dismissed plaintiff's actions on the grounds that the complaints were frivolous, malicious, or failed to state a claim upon which relief may be granted.

On September 18, 2012 plaintiff filed his Response ("Response") to the OSC wherein he asserts that "the imminent danger of serious physical injury was met in 2003 and has continued to date." (Response at 5.) Plaintiff further asserts that

"[c]areful review of the prisoners prior law suits were never dismissed as frivolous or malicious." (Id.)

Under 28 U.S.C. § 1915(g) a prisoner may be excused from the three strikes provision precluding in forma pauperis status if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff must demonstrate that he was "under imminent danger of serious physical injury" at the time he filed the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007) (explaining that the exception to the three-strikes rule applies only "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").[1] The Court must determine if: (1) The potential harm amounts to "serious physical injury" and; (2) whether the threat is "imminent." Cervantes, 493 F.3d at 1055-56. Moreover, a prisoner fails to meet the exception where claims of imminent danger are conclusory. Cervantes, 493 F.3d at 1057 n. 11.

The Court has reviewed plaintiff's Response, as well as the Complaint, and finds that plaintiff has failed to show cause as to why his in forma pauperis status in this matter should not be revoked pursuant to §1915(g), as plaintiff has had, on at least five prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous or because it failed to state a claim upon which relief could be granted. Although plaintiff asserts that at the time of filing the Complaint,

---

[1] As the Cervantes Court stated: "[a]lthough no other circuit has specifically addressed post-complaint changes in circumstance, all maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm. See, e.g., Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6 (D.C.Cir. 2006) ("In determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint. . . ."); Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) ("[T]he issue [under § 1915(g) ] is whether his complaint, as a whole, alleges imminent danger of serious physical injury."). We are in agreement with all of these cases in holding that it is the circumstances at the time of the filing of the complaint that matters for purposes of the "imminent danger" exception to § 1915(g)." Cervantes, 493 F.3d at 1053.

he was in imminent danger (*i.e.* the imminent danger of serious physical injury was met in 2003 and has continued to date), the Court disagrees. Plaintiff's Complaint alleges that defendants denied plaintiff access to the Inmate Trust Fund Copier; that defendants denied plaintiff copies in a bankruptcy proceeding; that defendants denied plaintiff access to the courts by denying him access to the copy machine; and that defendants are practicing law without a license by making legal determinations as to the content of plaintiff's legal matters. (Complaint at 7.) Plaintiff seeks a temporary restraining order restraining defendants from "implementing the order and carrying out their plan to hinder plaintiff's access to the court." (Complaint at 8.) Denial of access to the courts is not a sufficient claim to allege that plaintiff was in imminent danger of serious physical injury at the time he filed the Complaint.

## CONCLUSION AND ORDER

Accordingly, the Court hereby REVOKES plaintiff's in forma pauperis status. Plaintiff is ORDERED to pay the full filing fee of $350.00 on or before December 5, 2012. In the event plaintiff fails to pay the full $350.00 filing fee by December 5, 2012, this action will be dismissed without prejudice pending payment of the full filing fee.

DATED: November 5, 2012

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge